**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Eugene E. Cooper, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:03-2227-12 |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On July 8, 2003, pursuant to 28 U.S.C. § 2255, Eugene E. Cooper ("petitioner") commenced this pro se action attacking his sentence. On September 20, 2004, the government filed an answer to the petition and moved for summary judgment. On November 18, 2004, the petitioner responded to the government's motion for summary judgment. This matter is now before the Court for disposition.

On December 20, 2000, a grand jury charged the petitioner for conspiracy to possess with intent to distribute in excess of 50 grams of crack cocaine and 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. On May 29, 2001, the petitioner pled guilty to the charge. On January 18, 2002, the Court sentenced the petitioner to 300 months confinement followed by five years of supervised release. The petitioner appealed his guilty plea and sentence but later moved to dismiss his appeal. On July 1, 2002, pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure, the Fourth Circuit Court of Appeals dismissed the petitioner's appeal.

On October 8, 2004, the government filed a motion for a Rule 35(b) downward departure. On November 9, 2004, the Court granted the motion and reduced the petitioner's sentence from

300 months to 180 months with all other provisions of the petitioner's sentence remaining the same.

The petitioner raises the following claims in his petition: (1) the statute the petitioner violated, 21 U.S.C. § 841(a), is void for vagueness, (2) the petitioner's sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000), (3) the Court lacked sufficient evidence to enhance the petitioner's sentence under USSG § 2D1.1(b)(1), (4) the Court made no findings regarding the petitioner's objections to his Presentence Report, (5) ineffective assistance of counsel for not raising the issues the petitioner raises in this action, and (6) the petitioner's sentence violates the principles set forth in Blakely v. Washington, 124 S.Ct. 2531, 2536 (2004).

First, the petitioner claims that section 841 is ambiguous and void for vagueness in that its provisions do not specify whether a judge or jury determines guilt under the statute. The petitioner did not raise this argument during his conviction and sentencing or on appeal. The government contends, therefore, that this claim is procedurally barred. To overcome this procedural default, a petitioner must show cause for failing to raise the issue and the resulting prejudice from the error. United States v. Frady, 456 U.S. 152, 167-170 (1982). The void for vagueness doctrine was not a novel theory when the petitioner was convicted. See United States v. Collins, 272 F.3d 984, 988 (4th Cir. 2001)(referring to Supreme Court case Kolender v. Lawson, 461 U.S. 352 (1983) in applying void for vagueness doctrine). The petitioner does not provide a reason for failing to raise this claim on direct review. The petitioner, consequently, has procedurally defaulted this claim.

In addition, the Fourth Circuit Court of Appeals has held that the Supreme Court's

holding in Apprendi[1] did not render section 841 facially unconstitutional. See United States v. McCallister, 272 F.3d 228, 233 (4th Cir. 2001)(mere fact that statute is silent regarding how facts will be determined does not make statute inconsistent with constitutional requirement that elements be alleged in an indictment and proven to a jury beyond a reasonable doubt). Moreover, as applied to the petitioner, section 841 is not vague. Section 841 warns against knowingly possessing, manufacturing, and dealing with a controlled substance of any quantity. See Collins, 272 F.3d at 988-89. The government would have had to prove that the petitioner entered into an agreement to knowingly and intentionally possess with the intent to distribute crack and cocaine. Section 841 is not void for vagueness, and the petitioner is not entitled to relief on this claim.

Second, the petitioner claims his sentence violates the constitutional requirements set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000). The statutory maximum for the charge alleged in the petitioner's indictment was life imprisonment. See 21 U.S.C. 841(b)(1)(A). The Supreme Court held in Apprendi that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490 (emphasis added). The Court did not enhance the petitioner's sentence beyond the statutory maximum. The petitioner's sentence, therefore, did not violate the principles the Supreme Court had established in Apprendi prior to the petitioner's conviction.

The petitioner also claims that his sentence violates the principles set forth in Blakely v. Washington, 124 S. Ct. 2531 (2004). Recently, the United States Supreme Court reaffirmed those principles. See United States v. Booker, 125 S. Ct. 738 (2005). The Supreme Court,

---

[1] Apprendi v. New Jersey, 530 U.S. 466 (2000).

however, clearly stated that its holding in Booker must be applied "to all cases on direct review." Id. at 25.

Subsequent to the decision in Booker, the Seventh Circuit ruled that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005. See McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005). Here, the petitioner's case has run its course and his conviction and sentence became final in 2002, "well before Booker was issued, and its approach therefore does not govern [this] collateral proceeding." Id.

Third, the petitioner claims that the Court lacked sufficient evidence to enhance his sentence for possessing a firearm during his offense conduct. See USSG § 2D1.1. At sentencing, a government agent testified that six witnesses stated they had seen the petitioner carry a gun while dealing drugs. One of the witnesses stated that the petitioner used a firearm to rob him. Furthermore, authorities stopped a vehicle driven by the petitioner and containing a passenger riding in the front seat of the vehicle. The authorities found a gun lying on the floorboard in front of the passenger. During the stop, this passenger informed the authorities that the petitioner handed the passenger the gun and told him to hide it.

In addition, the government contends that the petitioner failed to raise this claim on direct review and is barred from raising it now. Nonconstitutional claims that could have been raised on direct review cannot be raised for the first time on collateral review.[2] See Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976); see also United States v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999)(a misapplication of sentencing guidelines typically do not constitute a

---

[2] The petitioner claims the evidence offered by the government at sentencing was unreliable, but he does not offer evidence refuting the finding that he possessed a firearm during his drug activities.

miscarriage of justice and section 2255 does not afford relief).  The petitioner is not entitled to relief on this claim.

Fourth, the petitioner claims that the Court did not make findings of facts concerning the objections the petitioner made to his Presentence Report.  The petitioner objected to the drug amount attributed to him, the firearm enhancement to his sentence, and the lack of a minor participant reduction.  The record reveals that the Court addressed and heard evidence concerning these claims and overruled the petitioner's objections.  The petitioner is not entitled to relief on this claim.

Fifth, the petitioner claims ineffective assistance of counsel.  In claims of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland v.Washington, 466 U.S. 668, 689 (1984).  The Strickland Court established a standard for determining when counsel has performed in a manner so defective as to be deemed a violation of the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably effective assistance," and a criminal defendant must show that his attorney's representation fell

below an objective standard of reasonableness.  Id. at 687-88.  Strickland also emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential."  Id. at 689.

In addition to establishing that counsel was deficient, the petitioner also must show prejudice.  The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  In the context of a conviction following a guilty plea, a petitioner must show that there is reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366 (1985).  With this legal background in mind, the Court turns to the petitioner's claims of ineffective assistance of counsel.

The petitioner claims that during critical stages of the proceedings, counsel was not present and the petitioner was forced to represent himself *pro se*.  The petitioner filed several *pro se* motions.  The Court found that these motions did not have merit.  Counsel is not required to make frivolous motions on behalf of the petitioner and is not ineffective for failing to do so.  The petitioner is not entitled to relief on this claim.

The petitioner also claims that counsel did not investigate his case, failed to set forth a defense, failed to preserve his appellate rights, and failed to raise the issues the petitioner raises in this petition.  The petitioner's sentencing transcript reveals that counsel raised the same issues the petitioner raises in this action.  Counsel questioned the government's witness concerning the drug amounts attributed to the petitioner and pointed out that the petitioner was not charged with possessing a gun when authorities stopped the petitioner.  Counsel also states in an affidavit that he met with the petitioner numerous times to discuss, among other things, the petitioner's

defense, and in the event the case went to trial, he prepared the petitioner's testimony and subpoenaed witnesses.

Moreover, counsel's affidavit and the record reveal that counsel made objections to the petitioner's Presentence Report and then argued these objections to the Court. Counsel challenged the drug amount attributed to the petitioner, the firearm enhancement, and the criminal history enhancement. Counsel also argued for a minor participant reduction to the petitioner's sentence.

The petitioner also claims that counsel was ineffective for not raising the issues on appeal the petitioner raises in this petition. Counsel preserved the petitioner's appellate rights by filing a notice of appeal for the petitioner. Furthermore, as explained above, the petitioner's claims are without merit. Counsel was not ineffective for failing to raise them and counsel's failure to do so did not prejudice the petitioner. See Krist v. Foltz, 804 F.2d 944, 946-47 (6th Cir. 1986). As a result, the petitioner is not entitled to relief on his ineffective assitance of counsel claims.

The Court therefore grants the government's motion for summary judgment and dismisses this petition.

**AND IT IS SO ORDERED**.

s/ C. Weston Houck

May 6, 2005                                      **C. WESTON HOUCK**

Charleston, South Carolina                       **UNITED STATES DISTRICT JUDGE**